Plaintiff's evidence showed that her intestate was killed by a log rolling from a logging train operated by defendant, and on which deceased was going to his work. Deceased was employed by his brother-in-law in cutting logs at a distance of three to four miles from the logging camp, and he and other employees were accustomed to go to and from their work on the train, *Page 397 
though they were not employed thereon. The brother-in-law of deceased testified that he employed the latter, but that he was paid by the company, who had the right to (533) discharge the men, and that they were really employed by the defendant company. The accident occurred while the train was going on a down grade, and the train was not stopped thereafter, though deceased was riding in plain view of the engine. There were no brakes on the train, except on the engine; and the car on which deceased was riding did not have standards, though the logs were held in place by four-inch shoulders, but other cars on the train had standards. All of plaintiff's witnesses testified that they had not received notice not to ride on the train, or that it was dangerous, but testified that they knew that it was dangerous to ride thereon, but preferred to take the changes rather than walk.
From a judgment of nonsuit, the plaintiff appealed.
Upon the evidence, the issue should have been submitted to the jury.
New trial.
Cited: Hemphill v. Lumber Co., 141 N.C. 490.
(534)